**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| A.W. FABER-CASTELL USA, INC.<br>9450 Allen Dr., Suite B<br>Independence, OH 44125, | CASE NO. 1:26-cv-1726 |
| | JUDGE |
| Plaintiff, | |
| v. | |
| TWISTED ROOT DATA STRATEGY LLC,<br>dba TR DATA STRATEGY LLC<br>c/o Brent Hawkins, Registered Agent<br>4595 Broadmoor Ave. SE, Suite 205<br>Grand Rapids, MI 49512-5300, | **COMPLAINT** |
| Defendant. | |

Plaintiff A.W. Faber-Castell USA, Inc. ("Plaintiff") for its Complaint against Defendant Twisted Root Data Strategy, LLC dba TR Data Strategy, LLC ("Defendant"), alleges as set forth below:

**PARTIES**

1.      Plaintiff is a Delaware corporation with its primary place of business in Independence, Ohio.

2.      Plaintiff is a distributor of high-quality art supplies, crafting materials, office supplies, fine writing, and educational products for all ages, including products under the Faber-Castell, Graf von Faber-Castell, Craftivity, and Creativity for Kids brands.

3.      Defendant is a Michigan limited liability company with its principal place of business in Grand Rapids, Michigan.

4.      Defendant is in the business of sales representation, including representing businesses seeking to sell products in the craft and stationery categories.

1

**JURISDICTION AND VENUE**

5.      This is a civil action concerning Defendant's claim to $500,000.00 or more in commissions that Plaintiff is not obligated to pay.

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is complete diversity between Plaintiff and Defendant in this action. Plaintiff is a Delaware corporation with a principal place of business in Cleveland, Ohio. Defendant is a Michigan limited liability company, whose members are, upon information and belief, are citizens of Michigan.

7.      This Court may exercise personal jurisdiction over Defendant because Defendant intentionally and deliberately directed its activities to this District and purposefully availed itself of the privilege of conducting activities in this State and in this District.

8.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant reached out to this District to transact business with Plaintiff and provided services to Plaintiff in this District.

**STATEMENT OF FACTS**

9.      In 2018, Plaintiff sought .to expand its distribution of products, including distributing products in Walmart stores.

10.     Defendant represented to Plaintiff that it had experience with placing manufacturers and distributors at Walmart and offered its services to Plaintiff in connection with same.

11.     To that end, Plaintiff and Defendant executed a Statement of Work under which Defendant agreed to provide strategic support and data analysis to facilitate a pitch to Walmart, and a copy of the Statement of Work is attached to this Complaint as Exhibit 1.

12.     The parties did not execute any other contractual document.

2

13. Under the SOW, Plaintiff agreed that while the SOW was in effect, Plaintiff would pay Defendant 5% of New Item placements in the first two years and 3% of New Item placements after two years. *See* Ex. 1 at 1.

14. The SOW did not include a fixed term of years or a period following notice of termination during which commissions would continue to be paid. Accordingly, the SOW was terminable at will by either party.

15. Plaintiff paid Defendant commissions under the SOW from 2018 through March 2025, after which Plaintiff notified Defendant that the SOW was being terminated.

16. Because the SOW had no defined termination requirements, Plaintiff applied the 30-day termination notice that it provided to its other major representatives, as referenced in the emails attached to this Complaint as Exhibit 2.

17. Defendant disagreed that Plaintiff could terminate the SOW on 30 days' notice and insisted that it was entitled to commissions until all of the products placed at Walmart were no longer sold. *See* Ex. 2.

18. Defendant asserted that "our standard contract has a 24-month out," even though no such language appears in the only document signed by the parties. *Cf.* Ex. 2 at 7 *with* Ex. 1.

19. In a subsequent email on July 22, 2025, a copy of which is attached to this Complaint as Exhibit 3, Defendant demanded a "one-time fee of $500,000" to terminate the contract.

20. In response, on July 23, 2025, counsel for Plaintiff wrote to Defendant informing Defendant that, without a signed agreement to the contrary, Plaintiff properly terminated the SOW. A copy of the July 23, 2025 letter is attached to this Complaint as Exhibit 4.

21. Defendant did not respond for nearly a year, when, on July 22, 2026, Defendant's counsel insisted that Defendant was entitled to compensation under a Michigan sales commission statute. *See* the July 22, 2026 letter attached to this Complaint as Exhibit 5.

22. However, the SOW had no choice of law provision, nor did counsel provide any writing signed by Plaintiff agreeing to the application of Michigan law.

23. The parties are at an impasse with respect to the interpretation of the SOW. Accordingly, Plaintiff brings the instant action.

**COUNT I**
**(Declaratory Judgment)**

24. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully rewritten herein.

25. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

26. An actual and justiciable controversy exists regarding the parties' rights and obligations under the SOW.

27. Specifically, Defendant asserts that Plaintiff is obligated to pay commissions on all products placed at Walmart during the time the SOW was in effect, until those products are no longer sold at Wal-Mart.

28. Defendant is wrong. The SOW does not contain a term of years, nor does it require any set period of notice before the SOW is terminated.

4

29.     Accordingly, Plaintiff seeks a declaratory judgment that its termination of the SOW was valid and enforceable and that Defendant is not entitled to any further commissions from Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for the following relief:

A.  A judgment in favor of Plaintiff;

B.  A declaratory judgment that Plaintiff's termination of the SOW was valid and enforceable and that Defendant is not entitled to any further commissions from Plaintiff;

C.  Costs and attorneys' fees incurred in bringing this action; and

D.  Such other relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Ronald M. McMillan*
RONALD M. McMILLAN (0072437)
**CALFEE, HALTER & GRISWOLD LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
(216) 622-8200 – Telephone
(216) 241-0816 – Facsimile
rmcmillan@calfee.com